UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BING HONG LI,<br> Plaintiff,<br><br>v.<br><br>MING MING SU,<br> Defendant. | C.A. No. 24-200-JJM-PAS |

ORDER GRANTING
MOTION TO DISMISS

Bing Hong Li has sued his ex-wife, Ming Ming Su in federal court over custody issues involving their minor son. Ms. Su has moved to dismiss[1] for many reasons, including personal jurisdiction, subject-matter jurisdiction, failure to state a claim, and others.

Mr. Li and Ms. Su were divorced in 2009 and were awarded joint custody of their minor son.[2] Ms. Su allegedly took the minor son out of the United States "without the authorization of either parent, which violates [the] custody agreements and [his] rights as father."[3] ECF No one at 8.

---

[1] In considering a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) the Court accepts all plausible, non-conclusory facts as true.
[2] Ms. Su alleges that they couple were divorced in 2010 by order of the court in First People's Court of Zhongshan, and she was awarded full custody.
[3] Ms. Su vehemently denies this.

Mr. Li now sues his ex-wife in federal court alleging the following causes of action: Unlawful Concealment of Underage Child, Submission of False Documents for Passport, Unauthorized International Travel. He asks this Court to order his ex-wife to "immediately return the underage child to the United States and ensure Plaintiff's rights of guardianship are protected." He asserts that his "ex-wife's actions of applying for passports for [their] son without [his] involvement or approval constitute a breach of [their] custody agreement and [his] parental rights."

He asks the Court to make the following rulings:

1. Investigate and confirm my ex-wife's unauthorized departure of our minor children from the United States.
2. Ensure that similar incidents do not occur in the future, requiring parents or guardians to jointly decide on the departure of minor children.
3. Protect my rights as a father and ensure that my custodial rights in minor children affairs are respected and enforced.
4. An order for the government agencies to provide Patrick Li's complete application.
5. Materials for each previous U.S. passport application.
6. An investigation into the unauthorized passport applications made for Patrick Li.
7. Any necessary legal actions to rectify this situation and safeguard my custodial rights.

There are many legal problems with Mr. Li's complaint that Ms. Su raises, and the Court now recognizes. The most glaring issue is that the Complaint does not state any justiciable cause of action that this Court can address. None of the pleaded causes of action—Unlawful Concealment of Underage Child, Submission of False Documents for Passport, Unauthorized International Travel—represent a recognized claim that affords a private right of action. The allegation may represent violations of a federal statute (though this Court has no opinion on that), but none of them give an individual the right to sue over the violation. Moreover, Mr. Li seeks relief that

2

only the state court that handled his domestic relations matter can resolve (*e.g.*, "Protect my rights as a father and ensure that my custodial rights in minor children affairs are respected and enforced.").

Because Mr. Li fails to state a claim upon which relief can be granted, under Fed. R. Civ. P. 12(c), this Court GRANTS Ms. Su's Motion for Judgment on the Pleadings. ECF No. 60.[4] This case is dismissed.

IT IS SO ORDERED.

*s/John J. McConnel, Jr.*
_____
John J. McConnell, Jr.
Chief Judge
United States District Court

July 7, 2025

---

[4] All other filed motions are therefore DENIED as moot. ECF Nos. 42, 43, 44, 45, 46, 48, 49, 50, 52, and 62.